15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 F. Maitland CUTHBERTSON, Plaintiff-Appellant,
v.
DEPARTMENT OF ARMY, et al., Defendants-Appellees.
 No. 92-16283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 F. Maitland Cuthbertson appeals the district court's judgment, following a bench trial before a magistrate judge, in favor of the Secretary of the Army ("Secretary"). Cuthbertson had filed an employment discrimination action under the Rehabilitation Act of 1973, 29 U.S.C. Sec. 791, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e. Cuthbertson appeals only his claim of retaliatory discrimination. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Cuthbertson alleged that he was precluded from applying for a position with the Army because he is handicapped, and that he was subsequently passed over for an Information and Resource Management ("IRM") position in retaliation for filing a discrimination complaint.
 
 
 4
 Following a bench trial, the magistrate judge made the following findings. On or about November 5, 1989, James R. Green had been "demoted" from a Grade 9 to a Grade 7. Green was a Priority Placement Program ("PPP") registrant, entitled to retain a grade of GS-09 through November 5, 1981. Under Dep't of Defense Reg. 1400.20-1-M, Green was a priority 4 registrant. Green had a priority consideration greater than the special consideration owed Cuthbertson with respect to the IRM position that was open in 1981. Green obtained the IRM position on November 1, 1981 based on his PPP status. The Secretary did not retaliate against Cuthbertson for filing a discrimination complaint, and there was no retaliatory intent by the Army in connection with any adverse employment actions concerning Cuthbertson.
 
 
 5
 Based on these findings of fact, the magistrate judge concluded that Cuthbertson failed to prove by a preponderance of the evidence that the Secretary had a discriminatory motive or intended to discriminate against Cuthbertson as a handicapped person. See Gay v. Waiters and Dairy Lunchmen's Union, 694 F.2d 531, 537 (9th Cir.1982). The magistrate judge also concluded that Cuthbertson failed to show a causal connection between the adverse employment action and Cuthbertson's exercise of his right sufficient to prove by a preponderance of the evidence that the Secretary retaliated against Cuthbertson for exercising his rights under Title VII, 42 U.S.C. Sec. 2000e. See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982). The magistrate judge further concluded that the Secretary produced sufficient evidence to rebut any inference of retaliation. See id.
 
 
 6
 On appeal, Cuthbertson contends the magistrate judge erred by determining that the Secretary did not retaliate against Cuthbertson. In particular, Cuthbertson argues that the magistrate judge made an erroneous ruling regarding the meaning of "effective date of demotion." This contention lacks merit.
 
 
 7
 We review for clear error a district court's decision that Cuthbertson was not the subject of retaliatory discrimination, as the complex issue of retaliation involves a factual inquiry into the Secretary's motivation and intent. See Fed.R.Civ.P. 52(a); Unt v. Aerospace Corp., 765 F.2d 1440, 1444 (9th Cir.1985); Kimbrough v. Secretary of the U.S. Air Force, 764 F.2d 1279, 1281 (9th Cir.1985) (after a Title VII case is fully tried, this court reviews for clear error).
 
 
 8
 The record indicates that Officer Robert S. Snow testified as to the meaning of the "effective date of demotion." Snow testified that Green's effective date of demotion was November 6, 1989 and that Green was entitled to PPP status through November 5, 1991. The Notification of Personnel Action, dated November 6, 1979 and admitted as a trial exhibit, corroborated Snow's testimony. The Notification indicated Green had been reclassified effective November 6, 1979 and was "entitled to retain grade of GS-09 through 11-05-81." Thus, the record supports the district court's determination that Green's effective date of demotion was November 6, 1979. See Unt, 765 F.2d at 1444.
 
 
 9
 To prove the Secretary retaliated against Cuthbertson for exercising his rights under Title VII, Cuthbertson was required to show at trial a causal link between his failure to be selected for the IRM position and the exercise of his rights under Title VII. See Cohen, 686 F.2d at 796. The magistrate judge found that the Secretary did not select Cuthbertson for the IRM position because Green had a priority status. The magistrate judge found no causal connection between Cuthbertson's discrimination complaint and Green's selection for the IRM position. The record supports this determination. See Unt, 765 F.2d at 1444.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3